[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10410

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES DIXON,
a.k.a. Smoke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20017-KMW-9

————————————

Before WILLIAM PRYOR, Chief Judge, WILSON and LUCK, Circuit Judges.

PER CURIAM:

James Dixon appeals *pro se* the denial of his renewed motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Dixon failed to establish that an extraordinary and compelling reason warranted his early release because he failed to identify a medical condition that increased his risk of complications from COVID-19, U.S.S.G. § 1B1.13, and that the statutory sentencing factors weighed against reducing his sentence, 18 U.S.C. § 3553. We affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to

the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The district court may deny a motion to reduce on either ground. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address Dixon's argument that his asthma qualified as an extraordinary and compelling reason to justify his early release because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Dixon does not dispute and has abandoned any challenge that he could have made to the finding by the district court that the sentencing factors support the denial of his motion. Because Dixon has failed to challenge the alternative ruling that the statutory sentencing factors weigh against granting him sentencing relief, "it follows that the district court's judgment is due to be affirmed." *Id.*

We **AFFIRM** the denial of Dixon's motion for compassionate release.